```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
    --------------------------------X
    MARK TAYLOR

            Plaintiff,                    MEMORANDUM AND ORDER

        -against-                         Civil Action No.
                                          CV-04-1506 (DGT)
    DUANE READE INC, DRI INC., both
    doing business as DUANE READE at
    71 West 23rd Street, New York, NY,
    "JAMEL" and UNIDENTIFIED
    EMPLOYEES OF DUANE READE.

            Defendant.

    --------------------------------X
```

TRAGER, District Judge

On March 29, 2004, Mark Taylor ("plaintiff" or "Taylor") commenced this action against Duane Reade Inc. and several of its employees (collectively "defendants"), alleging that the employees discriminated against Taylor because of his race. On September 9, 2005 defendants made the present motion to dismiss for lack of prosecution under Federal Rule of Civil Procedure ("FRCP") 41(b). For the reasons set forth below, defendants' motion is granted.

**Background**

The history of the present matter is amply set forth in defendant's moving papers, a brief overview will be recounted here. (Defs.' Mem. Of Law in Support of Def.'s Mot. to Dismiss ("Defs.' Mem.") 1-7.) After this matter was removed to federal court on April 12, 2004, Magistrate Judge Chrein, pursuant to

FCRP 26(a), ordered that all initial disclosures should be exchanged by June 18, 2004. (Defs.' Mem. 2.) The plaintiff did not comply with this order and at a conference on August 10, 2004 Judge Chrein ordered that plaintiff must comply within seven days. (Defs.' Mem. 3.) However, plaintiff did not actually deliver the initial disclosure material until October 22, 2004 during a status conference with Judge Chrein. Id. Plaintiff's lawyer, Thomas Sheehan ("Sheehan"), informed Judge Chrein that the delay had been because he had been unable to contact Taylor up until that week. Id. At that time, Judge Chrein ordered plaintiff to reimburse defendants' costs associate with the delay. Id. Judge Chrein also instructed defendants to issue their first set of discovery demands, and he instructed Sheehan that if plaintiff did not respond to the demands, dismissal could result. (Defs.' Mem. 4.)

In accordance with the order, defendants served upon plaintiffs the first set of discovery demands on December 29, 2004. Id. According to defendants, plaintiff has never responded to any of these demands. Id. After Judge Chrein's death, the case was transferred to Magistrate Judge Mann, and at a February 23, 2005 discovery hearing Sheehan told Judge Mann that he had been unable to communicate with Taylor since the October 2004 conference. (Defs.' Mem. 5.) Judge Mann made clear that if Taylor did not contact Sheehan "the case [would] probably

be dismissed with prejudice." Taylor v. Duane Reade, Inc, No. 04-1506 (E.D.N.Y. Feb. 23, 2005).

After plaintiff ignored two subsequent orders in this case, Judge Mann imposed further sanctions on plaintiff. Taylor v. Duane Reade, Inc, No. 04-1506 (E.D.N.Y. May 6, 2005). She informed Sheehan that she would likely recommend the case be dismissed for lack of prosecution. Id.

Then, on June 22, 2005 Judge Mann conducted a hearing where she mandated that Taylor appear with his counsel, Sheehan. Taylor v. Duane Reade, Inc, No. 04-1506 (E.D.N.Y. June 22, 2005). At that hearing she admonished Taylor for allowing the case to languish, and she granted Sheehan's request to be relieved as counsel. Id. Judge Mann stayed discovery until July 1, 2005 to allow plaintiff time to find a new attorney and ordered that the first set of discovery demands be responded to by July 15, 2005. Id. At the time, Judge Mann made clear that "further delays will not be tolerated." Id.

On September 9, 2005, after having no contact with plaintiff despite several reported attempts by defendants' counsel, defendant made the present motion to dismiss for lack of prosecution. (Defs.' Mem. 7.) In response to defendants' motion, Taylor hand delivered a letter on September 26, 2005 explaining that he had been ill and there had been some confusion in the departure of his prior attorney, both of which had lead to

3

the delay in acquiring new counsel.  Letter from Mark Taylor to District Judge David G. Trager and Magistrate Judge Roanne L. Mann (Sept. 26, 2005).  In the letter, Taylor requested an additional two weeks to find new counsel.  Id.  On September 30, 2005 this request was granted by order.  Taylor v. Duane Reade, Inc, No. 04-1506 (E.D.N.Y. Sept. 30, 2005).  In addition to the order, Taylor was informed via telephone on September 26, 2005, that he should have his attorney contact the court by October 14, 2005.  To date, no attorney has contacted the court purporting to represent Taylor, and Taylor has not responded to phone calls concerning this matter.

**Discussion**

A court may dismiss any matter under FRCP 41(b) where the plaintiff has failed to prosecute the matter or failed "to comply with . . . any order of the court."  Fed. R. Civ. P. 41(b).  The standard which governs Rule 41(b) motions in district court is generally the same standard the Second Circuit has articulated for review of such motions.  See Kernisant v. The City of New York, 225 F.R.D. 422, 433 (E.D.N.Y. 2005).  According to the Second Circuit a district court should consider: (1) the duration of the delay created by plaintiff's failure to prosecute, (2) whether plaintiff was given notice that further delay would result in dismissal, (3) whether defendant was likely to be prejudiced by further delay, (4) how the need to alleviate court

calender congestions weighs against the plaintiff's right to his day in court, and (5) whether lesser sanctions would be more appropriate than dismissal. United States, ex rel., Drake v. Norden Systems, Inc., 375 F.3d 248, 254 (2d Cir. 2004). No single factor is dispositive, and the decision to dismiss under this standard is left to the sound discretion of the district court, taking into account "the record as a whole". Id.

In the present situation, plaintiff's lax prosecution warrants dismissal. This matter, which began over a year and a half ago, has seen almost no progress since. The last sign of progress was plaintiff's delivery of the initial discovery material over a year ago. This delay is clearly significant by any measure. See e.g., Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 664 (2d Cir. 1980) (finding a delay of six months sufficient justification for dismissal); Kearney v. City of New York, 2003 WL 22682721, at * 1-2 (S.D.N.Y. Nov. 6, 2003) (dismissing where plaintiff refused to respond to discovery requests and did not pursue the matter for four months).

Magistrate Judge Mann gave plaintiff notice that "further delays would not be tolerated," and plaintiff was warned several times that the case might be dismissed for failure to prosecute. Yet, despite these warnings and numerous chances to make amends, plaintiff has not become any more diligent in the prosecution of this matter. As a result, his lengthy delay is inexcusable

despite the excuses he provided in his September 26th letter. Therefore, prejudice to the defendant can be presumed. <u>Norden Systems, Inc.</u>, 375 F.3d at 256; <u>Shannon v. General Electric Co.</u>, 186 F.3d 186, 195 (2d Cir. 1999). Additionally, plaintiff's delays have necessitated significant involvement by the two Magistrate Judges assigned to this matter and the delays have had a substantial impact on the court's calendar. Finally, the remedy of dismissal is appropriate because plaintiff has already been sanctioned and reprimanded multiple times and those actions have not prodded plaintiff to move ahead with this matter.

## Conclusion

For the foregoing reasons, defendants' motion is granted; this matter is dismissed with prejudice. The Clerk of the Court is directed to close the case.

Dated: Brooklyn, New York
      October 27, 2005

SO ORDERED:

        /s/
David G. Trager
United States District Judge